# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN ALAN STERNER,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, *et al.*,<br><br>Defendants. | Case No. 1:26-cv-01826-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO PROSECUTE<br><br>(ECF No. 8)<br><br>**FOURTEEN (14) DAY DEADLINE** |

## I. Background

Plaintiff Shaun Alan Sterner ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On June 16, 2026, the Court screened Plaintiff's complaint and found that it failed to comply with Federal Rule of Civil Procedure 8 and failed to state a cognizable claim under 42 U.S.C. § 1983. (ECF No. 8.) The Court issued an order granting Plaintiff leave to file a first amended complaint or notice of voluntary dismissal within thirty (30) days. (*Id.*) The Court expressly warned Plaintiff that failure to comply with the Court's order would result in a recommendation for dismissal, with prejudice, for failure to obey a court order and for failure to state a claim. (*Id.*) Plaintiff failed to file an amended complaint or otherwise communicate with

the Court, and the deadline to do so has expired.

## II. Failure to State a Claim

### A. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### B. Plaintiff's Allegations

Plaintiff is currently housed at Wasco State Prison where the events in the complaint are alleged to have occurred. Plaintiff names as Defendants: (1) California Department of Corrections and Rehabilitation, (2) Wasco State Prison, and (3) Warden A. Williams.

In claim 1, Plaintiff alleges violation of the Fourteenth, Thirteenth and Eighth

Amendments for threat to safety.[1] Plaintiff alleges Warden A. Williams of Wasco State Prison issued a flyer on 2/13/26 stating that the drinking water is contaminated with a cancer causing chemical named TCP (Trichloropropane) or 123 TCP for short in the flyer. It states, "some people who drink water containing 123 TCP in excess of MCL (maximum contaminated level) over many years may have an increased risk of cancer." Over the last tested years, 123 TCP has been exceedingly high and over the National Drinking Water Standard.

With the release of this flyer, it showed that Warden A. Williams and CDCR Wasco State Prison have no regard for the safety of the people incarcerated. It also showed recklessness and violation of both Plaintiff's constitutional and civil rights by denying him any other form of drinking water bottled or otherwise. The Department is experimenting with Plaintiff's life and safety. The flyer states with prolonged exposure it may cause cancer that Plaintiff constantly worries about now and for his future. The fix is three years from completion with no other form of drinking water.

As injury, Plaintiff alleges that he is mentally concerned that CDCR is introducing carcinogenic into his diet by being forced to consume water and having no other form of water to consume. Plaintiff is being denied clean water and also the medical attention of elements linked to cancer.

Plaintiff seeks compensatory damages and punitive damages.

### C. Discussion

**Federal Rule of Civil Procedure 8**

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

---

[1] Although Plaintiff alleges a violation of the Fourteenth and Thirteenth Amendments, a prisoner's claim regarding conditions of confinement constitutes cruel and unusual punishment in violation of the Eighth Amendment. *See Hudson v McMillian*, 503 U.S. 1, 5 (1992) (citations omitted).

its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's complaint is short, but not a plain statement of his claims. As explained below, Plaintiff must set forth factual allegations so that the Court may determine if Plaintiff plausibly states a claim. Plaintiff's complaint does not include any allegations identifying the named defendants or their alleged actions. Without basic information concerning what happened, the Court cannot determine if he states a cognizable claim for relief. For instance, Plaintiff selectively quotes the memo without identifying if any remedial actions were advised. Plaintiff's complaint includes limited factual allegations regarding the actions or omission of the named defendants, and the absence of sufficient factual matter is not sufficient to state claims for relief.

**Linkage Requirement and Supervisor Liability**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff fails to link any defendant to the alleged wrongful conduct. Plaintiff fails to allege what each defendant did or did not do which violated Plaintiff's constitutional rights. Plaintiff may not simply assert that a deprivation occurred and then accuse a group of defendants of being "responsible" for that deprivation.

Insofar as Plaintiff is attempting to sue Defendant Warden, or any other defendant, based on his supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).

As currently pled, Plaintiff fails to state a claim against any defendant based on their supervisory roles. Plaintiff fails to identify any policy sufficient to impose liability against any supervisory defendant and fails to allege that any defendant directly participated in or directed the violations, or knew of the violations and failed to act to prevent them. Plaintiff merely relies on these supervising defendants' responsibilities to ensure the safety and health of prisoners, but this claim is based on respondeat superior which is not cognizable under section 1983. *Iqbal*, 556 U.S. at 677. Such conclusory allegations are insufficient to state the causal link between such defendant and the claimed constitutional violation.

**Eleventh Amendment Immunity**

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Indeed, the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid

congressional override. . . .” *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). “The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, ‘an arm of the state,’ its instrumentalities, or its agencies.” *See Fireman’s Fund Ins. Co. v. City of Lodi, Cal.*, 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted), cert. denied, 538 U.S. 961 (2003). “The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court. . . .” *Dittman*, 191 F.3d at 1025–26 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)); *see also Brown v. Cal. Dep’t. of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity).

Therefore, Plaintiff cannot pursue claims for damages or injunctive relief against the California Department of Corrections and Rehabilitation or Wasco State Prison this action. Plaintiff’s claim for monetary damages against the named defendants in their official capacities also are barred by the Eleventh Amendment.

**Eighth Amendment – Conditions of Confinement**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). To establish a violation of the Eighth Amendment, the prisoner must “show that the officials acted with deliberate indifference . . .” *Labatad v. Corrs. Corp. of Amer.*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)).

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, “sufficiently serious.” *Farmer*, 511 U.S. at 834. Second, subjectively, the prison official must “know of and disregard an excessive risk to inmate health or safety.” *Id.* at 837; *Anderson v. Cty. of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995).

Objectively, extreme deprivations are required to make out a conditions-of-confinement claim and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Although the Constitution "'does not mandate comfortable prisons,'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time," *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989).

Courts have long recognized that exposure to environmental conditions which pose a health risk, either present or future, can support a claim under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 3335 (1993) (environmental tobacco smoke); *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995) (asbestos); *Carter v. Smith*, No. C–13–4373 EMC (pr), 2015 WL 4322317, at *7–11 (N.D. Cal. 2015) (lead paint and asbestos); *Yellen v. Olivarez*, No. CIV S–94–1298 GEB DAD P, 2012 WL 3757373, at *8 (E.D. Cal. 2012) (contaminated water), *adopted in full*, 2012 WL 4210030 (E.D. Cal. 2012); *Rouse v. Caruso*, No. 06–CV–10961–DT, 2011 WL 918327, at *24–25 (E.D. Mich. 2011) (contaminated water), *adopted in full*, 2011 WL 893216 (E.D. Mich. 2011).

As currently pled, Plaintiff fails to state a cognizable Eighth Amendment claim against any defendant. As noted above, Plaintiff has provided only conclusory allegations that any defendant was aware of the water quality issue or that they took any action or failed to take any action regarding the continued contamination. Plaintiff fails to allege what remedial efforts were taken by the Warden, if any.

While Plaintiff alleges that no other water source was provided, the Court notes that other cases involving contaminated water at Wasco State Prison, alleged that the warden approved dissemination of bottled water. *See*, *e.g., Baker v. Shirely*, No. 1:24-CV-01442-JLT-BAM (PC), 2026 WL 1218673, at *1 (E.D. Cal. May 5, 2026), report and recommendation adopted, No. 1:24-CV-01442 JLT BAM (PC), 2026 WL 1509986 (E.D. Cal. May 29, 2026) (The Warden approved for bottled water to be sold in the canteen.).

///

**Eighth Amendment - Deliberate Indifference to Medical Care**

It is unclear if Plaintiff is attempting to allege a claim for deliberate indifference to medical care.

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Simmons v. Navajo County, Ariz*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096.

The Court is unable to determine from the context of the allegations whether Plaintiff was suffering a serious medical need and if each of the defendants "knows of and disregards an excessive risk to inmate health or safety." Plaintiff fails to allege what each defendant did or did not do in disregard to an excessive risk of harm to Plaintiff's health.

**III. Failure to Prosecute and Failure to Obey a Court Order**

**A. Legal Standard**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A

court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B. Discussion**

Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's June 16, 2026 screening order expressly warned Plaintiff that his failure to file an amended complaint would result in a recommendation for dismissal of this action with prejudice. (ECF No. 8.) Thus, Plaintiff had

adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. As Plaintiff is proceeding *in forma pauperis* in this action, it appears that monetary sanctions will be of little use and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

**IV. Conclusion and Recommendation**

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a District Judge to this action. Furthermore, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey a court order, and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 29, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE